476 A.2d 978

**COMMONWEALTH of Pennsylvania**

v.

**Dwayne Keith HICKS a/k/a Dwayne Hicks, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 27, 1984.

Filed June 1, 1984.

234

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant.

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

PER CURIAM:

Appellant Dwayne Hicks was found guilty in a jury trial on June 29, 1981 of first degree murder, robbery, and criminal conspiracy and, on March 16, 1982 was sentenced to life imprisonment on the murder charge, plus ten to twenty years for the robbery conviction and five to ten years for the criminal conspiracy conviction, consecutive to the life term.

The facts of this case are accurately summarized as follows:

On October 24, 1980, Mr. Dwayne Hicks instructed Miss Tracy Saunders, a prostitute, to go downtown to get a 'trick' who looked like he had money and had a nice car. Ms. Saunders was to bring this 'trick' back to the apartment that she shared with Mr. Hicks. While Miss Saunders was bathing, in preparation for the evening, Miss Berger, another woman who lived with Mr. Hicks and Miss Saunders, entered the bathroom and told Miss Saunders that Mr. Hicks was going to kill the guy that Miss Saunders was going to lure to the apartment. Miss Saunders and Mr. Hicks then took a cab to town. Miss Saunders was dropped off and Mr. Hicks proceeded to a store where he purchased handcuffs and a cap gun. Miss Saunders met Mr. Robert Karcz, the victim, and brought him back to the apartment. Miss Saunders and Mr. Karcz undressed. Miss Saunders proceeded to give Mr. Karcz the services he paid for. Mr. Hicks came into the room and told Miss Saunders to leave. Mr. Hicks held the gun on Mr. Karcz and handcuffed Mr. Karcz's hands behind his back. Mr. Hicks then wrapped a rubber hose

around the victim's neck and tightened it for several minutes. When Mr. Hicks let go the victim was not breathing. Mr. Hicks wrapped Mr. Karcz in a sheet bound with belts, put him the car and drove him to Schenley Park where he left the body. The next morning Mr. Hicks went to Allegheny Center Mall and made a series of purchases, including a radio, some watches, and a portable T.V. with Mr. Karcz's credit cards. Later that day Mr. Hicks went to downtown Pittsburgh and Monroeville Mall and made several other purchases with Mr. Karcz's credit cards. Saturday evening Mr. Hicks drove to Erie, Pennsylvania with Miss Saunders and spent the night. They returned Sunday. After hearing on the radio, on Monday, that the body was found Mr. Hicks rented a U-Haul trailer with Mr. Karcz's identification. After loading the U-Haul with their belongings, Mr. Hicks, Miss Berger and Miss Saunders drove to Atlanta, Georgia. Mr. Hicks was arrested in Atlanta and brought back to Pittsburgh where he gave a statement to the police concerning the events of the crime and admitting his involvement in the murder and the use of Mr. Karcz's automobile and credit cards.

Brief for Appellee at 6–7.

In this direct appeal from judgment of sentence, appellant raises the following issues:

I.  Did the trial court commit reversible error and abuse its discretion by striking over sixty (60) of the defense counsel's seventy (70) voir dire questions?

II.  Did the trial judge commit reversible error in not allowing defense counsel to go into an evidentiary hearing as proscribed in *Commonwealth v. Futch* in that the district attorney systematically excluded all black veniremen with his premptory [sic] challenges?

III.  Should the jury have been sequestered because the case was highly publicized in the newspapers, on the radio, and on the television?

IV. Did the trial court err by not recusing himself when requested to do so by defense counsel?

V. Did the trial judge commit judicial misconduct by his intrusive conduct throughout the entirety of the proceedings?

VI. Did the trial court err in not granting a mistrial, or at least giving the jury limiting instructions, because of a violation of *Commonwealth v. Wright*, 456 Pa. 511, 321 A.2d 625 (1974)?

VII. Did the trial judge commit reversible error by allowing the assistant district attorney to ask a series of irrelevant and highly inflammatory questions which had no probative value and which clearly constituted prosecutorial misconduct?

VIII. Was there no justification for the trial court's failure to file a substantive opinion in this case?

Brief for Appellant at 3.

This case has been submitted to the Superior Court of Pennsylvania for decision and, accordingly, we will not have the benefit of oral argument. Of more concern however is the fact that we do not have any opinion from the trial court, the Honorable Samuel Strauss. We do not have, therefore, the benefit of Judge Strauss's discussion of the issues presented in the post trial motions. We will accordingly, and do hereby remand this case to the trial court with directions that an opinion be promptly prepared and returned to us pursuant to the provisions of Rule 1925, Pennsylvania Rules of Appellate Procedure.[1] Jurisdiction is not relinquished.

---

1. We are of course aware, from the record, that Judge Strauss had issued an order to the Office of the Public Defender of Allegheny County to file a brief and a concise statement of the matters complained of on appeal, by Order of April 20, 1982. Judge Strauss had directed that such response be made by April 27, 1982 and, in fact, it was May 10, 1982 when the concise statement was filed. Be that as it may, we are handicapped in reviewing the record in this case by not having the benefit of Judge Strauss's thinking and analysis on the various issues presented for our consideration.