503 A.2d 936

COMMONWEALTH of Pennsylvania

v.

Bruce Stewart BURCHARD, Appellant and Daniel Joel Van Slochem, Appellant.

Superior Court of Pennsylvania.

Argued Aug. 6, 1985.

Filed Jan. 24, 1986.

Theodore Simon, Philadelphia, for Burchard, appellant (at 985).

William J. Honig, Norristown, for Van Slochem, appellant (at 986).

Phyllis R. Streitel, Assistant District Attorney, West Chester, for Commonwealth, appellee (at 985 and 986).

Before SPAETH, President Judge, and WICKERSHAM, BROSKY, ROWLEY, WIEAND, CIRILLO, OLSZEWSKI, BECK and TAMILIA, JJ.

CIRILLO, Judge:

This is a consolidated appeal from the judgments of sentence entered by the Court of Common Pleas of Chester County. Appellants, Daniel Van Slochem and Bruce Burchard, were arrested and charged with possession of controlled substances,[1] possession of controlled substances with intent to deliver,[2] and criminal conspiracy.[3] Following a bench trial, they were convicted on all counts.

In March of 1979, the Pennsylvania State Police obtained a search warrant for a Chester County residence; Burchard and Van Slochem were identified as residents of the house.[4]

1. 35 P.S. § 780–113(a)(16).
2. *Id.* at § 780–113(a)(30).
3. 18 Pa.C.S. §§ 903(a)(1), (2).
4. Neither appellant owned the premises identified in the warrant. However, a lease on the premises was signed by Burchard. Further testimony revealed that both appellants alternately paid rent for the subject premises, cars owned by each were parked at the residence, and they were seen performing repair work on the residence's drive-

The warrant authorized the seizure of marijuana, related narcotics paraphernalia, and records and monies of narcotic transactions. Probable cause for the issuance of the warrant was based in part on information provided to the State Police by a confidential informant and in part on other information gathered as a result of an investigation.

The State Police arrived at the residence and knocked at the kitchen door. Burchard, alone in the house, peered through a curtain hanging on the door. The troopers identified themselves and stated their purpose. Discerning no attempt by Burchard to open the door, and believing that the marijuana and other drug related items could easily be destroyed, the officers decided to enter by force. After the troopers made several attempts at breaking in the door, Burchard voluntarily admitted them. Fifteen to twenty minutes later, Van Slochem arrived at the residence. The search revealed: 788 pounds of marijuana; 552 grams of hashish; $1,580.00 in cash; drug paraphernalia including scales, cigarette papers, boxes of sandwich bags, and a variety of weapons.

Appellants filed omnibus pre-trial motions alleging *inter alia,* an illegal search and seizure and illegally obtained statements. In particular, appellants challenged the validity of the warrant vis-a-vis the sufficiency of the affidavit. At the hearing on the suppression motion, appellants' statements were suppressed as was certain physical evidence. All items of contraband were allowed into evidence.

A non-jury trial followed the suppression hearing. During trial the contraband that was the subject of appellants' motion to suppress was admitted into evidence without any objection by appellants. Burchard and Van Slochem were convicted on two counts of possession of a controlled substance, two counts of possession of a controlled substance with intent to deliver, and one count of criminal conspiracy. Post-trial motions were denied. Appellants were sentenced

way. While the warrant was being executed, Van Slochem arrived home with a bag of groceries.

to ten to twenty-three months imprisonment and directed to pay the costs of prosecution.

These appeals were certified to the court en banc to resolve the following issue: when a pre-trial suppression motion is denied, must a defendant object at trial to the admission of that evidence in order to preserve the suppression issue for appeal?

Our Courts have repeatedly held that issues must be preserved at each and every stage of review; otherwise, they are deemed waived and cannot subsequently be raised on appeal. *See* Pa.R.A.P. 302(a); Pa.R.Crim.P. 1123(a); *Commonwealth v. Manigault,* 501 Pa. 506, 462 A.2d 239 (1983) (issues raised in post-trial motions, but not briefed or argued were waived); *Commonwealth v. Giles,* 500 Pa. 413, 456 A.2d 1356 (1983) (issues not included in post-verdict motions were waived); *Commonwealth v. Cargo,* 498 Pa. 5, 444 A.2d 639 (1982) (brief raising allegations of error, in absence of written post-verdict motions, preserves no issue for appellate review); *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979) (plurality) (only those issues included in post-verdict motions are preserved for appellate review); *Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978) (timely objection to sentencing court needed to preserve sentencing issue *(see now* Pa.R.Crim.P. 1410) ); *Commonwealth v. Brown,* 467 Pa. 512, 359 A.2d 393 (1976) (when there is a timely objection to prosecutor's statements which is sustained, but there is no request for a mistrial or curative instruction, issue is waived; defendant was granted all requested relief); *Commonwealth v. Hassine,* 340 Pa.Super. 318, 490 A.2d 438 (1985) (issues raised in post-trial motions, but not briefed, argued, or addressed by trial court, are waived); *Commonwealth v. Broadie,* 489 Pa.Super. 394, 489 A.2d 218 (1985) (failure to file a motion to modify sentence waives all issues except legality of sentence); *Commonwealth v. Jackson,* 336 Pa.Super. 609, 486 A.2d 431 (1984) (failure to timely challenge jury array results in waiver of any objection to jury); *Commonwealth v. York,* 319 Pa.Super. 13, 465 A.2d 1029 (1984) (advancing a

new or different theory of relief for the first time on appeal results in a waiver of that issue); *Commonwealth v. Russell*, 326 Pa.Super. 346, 473 A.2d 1383 (1984) (failure to make specific objection where jury instructions have been timely offered and refused, issue is waived).[5]

■ The doctrine of waiver is now a critical procedural mechanism that fosters meaningful appellate review. With the abolition of principles such as "basic and fundamental error," [6] the necessity of raising a specific objection at each and every stage of a proceeding is of paramount importance. Indeed, in the criminal context, failure to preserve an issue for appeal may give rise to a finding of ineffective assistance of counsel. *See, e.g., Commonwealth v. West,* 334 Pa.Super. 287, 482 A.2d 1339 (1984); *Commonwealth v. Boyd,* 315 Pa.Super. 308, 461 A.2d 1294, *aff'd in part, rev'd in part on other grounds,* 504 Pa. 32, 470 A.2d 540 (1983). Without the stringent application of the waiver doctrine,

> [a]ppellate court consideration of issues not raised in the trial court results in the trial becoming merely a dress rehearsal. This process removes the professional necessity for trial counsel to be prepared to litigate the case fully at trial and to create a record adequate for appellate review. The ill-prepared advocate's hope is that an appellate court will come to his aid after the fact and afford him relief despite his failure at trial to object to an alleged error. The diligent and prepared trial lawyer—and his client—are penalized when an entire case is retried because an appellate court reverses on the basis

5. It is equally important to preserve issues at each stage of review in the civil context. *See, e.g., Kovach v. General Telephone Company of Pennsylvania,* 340 Pa.Super. 144, 489 A.2d 883 (1985) (matters raised for the first time on appeal are not properly preserved for appellate review); *Neshaminy Water Resources Authority v. Delaware Unlimited, Inc.,* 332 Pa.Super. 461, 481 A.2d 879 (1984) (issues not raised in trial court may not be raised on appeal).

6. The doctrine of basic and fundamental error permitted an appellate court to review issues, specifically those concerning jury instructions, where no exception was taken; if the court found fundamental and prejudicial error, a new trial may be granted. *See Glass v. Freeman,* 430 Pa. 21, 240 A.2d 825 (1968).

of an error opposing counsel failed to call to the trial court's attention. Failure to interpose a timely objection at trial denies the trial court the chance to hear argument on the issue and an opportunity to correct error. It also tends to postpone unnecessarily disposition of other cases not yet tried for the first time. See Pa.R.C.P. 214(d). *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

Conversely, the specific objection requirement ensure[s] that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors at trial advances the orderly and efficient use of our judicial resources. First, appellate courts will not be required to expend time and energy reviewing points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal. Finally, the exception requirement will remove the advantage formerly enjoyed by the unprepared trial lawyer who looked to the appellate court to compensate for his trial omissions.

*Id.*, 457 Pa. at 258–59, 322 A.2d at 116–17 (footnotes omitted). *Accord Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

With these considerations in mind, we turn to the case *sub judice*. The trial court held, and the Commonwealth argues, that appellants waived the right to have the validity of the search warrant reviewed on appeal because at trial appellants failed to object to the introduction of the physical evidence seized pursuant to the now challenged search warrant. A pre-trial suppression motion and post-trial motions addressed the legitimacy of the warrant.

The trial court was constrained from reaching the merits of the suppression issue by *Commonwealth v. Humphreys,* 267 Pa.Super. 318, 406 A.2d 1060 (1979). *Humphreys* involved the admissibility of photographs; a pre-trial suppression motion was denied and, as here, the accused failed to object when the Commonwealth offered the photographs at trial. A three-judge panel of this Court found:

> This issue has not been preserved for appellate review. Appellant challenged the admissibility of these photographs in a pre-trial motion to suppress in post-trial motions [sic], but when the Commonwealth offered the photographs at trial, appellant's counsel stated that he had no objection. Issues not preserved at each stage of review, by a specific allegation of error, are waived and cannot be raised iń an appeal. *Commonwealth v. Bronaugh,* 459 Pa. 634, 331 A.2d 171 (1975); *see Commonwealth v. Ryan,* 475 Pa. 559, 381 A.2d 138 (1977) (appellant contended that the trial testimony of two witnesses should have been suppressed as the fruit of a confession held illegal at a pre-trial suppression hearing, and the court held that the issue was waived because appellant did not object at trial to the admission of the testimony of the witnesses.)

*Id.,* 267 Pa.Superior Ct. at 326–27, 406 A.2d at 1064–65 (footnotes omitted).

■ While the learned trial judge was correct in his assessment of the current state of the law, we hold that a defendant need not object to the introduction of evidence at trial in order to preserve a suppression issue for appellate review. Our holding in no way should be interpreted as abrogating the necessity for preservation of an issue by way of a timely suppression motion, post-verdict motions and raising the issue on appeal. Equally important is the need to advance the same theory of relief at each and every stage of review by a specific allegation of error. *See Kimmel v. Somerset County Commissioners,* 460 Pa. 381, 333 A.2d 777 (1975); *accord Morgan v. Sbarbaro,* 307 Pa.Super. 308, 453 A.2d 598 (1982). Accordingly, to the

extent that *Commonwealth v. Humphreys, supra* is inapposite to our decision today, it is overruled.

· *Humphreys'* reliance upon *Commonwealth v. Ryan,* 475 Pa. 559, 381 A.2d 138 (1978), and *Commonwealth v. Bronaugh,* 459 Pa. 634, 331 A.2d 171 (1975), is misplaced. In *Ryan,* the testimony sought to be excluded was not the subject of the pre-trial suppression motion; without an objection at trial, the court found the issue waived. *Bronaugh* presented a situation in which an issue was not preserved for review due to a failure to raise the issue in post-trial motions. Analytically, therefore, the waiver rule of *Humphreys'* is unsound.

Apart from *Humphreys,* the rationale for the waiver doctrine as set forth in *Commonwealth v. Clair, supra; Dilliplaine v. Lehigh Valley Trust Co., supra,* supports our position. None of the considerations stated for the rule compel a finding of waiver since these were met at other stages of the proceedings: the suppression court made a ruling on the validity of the search warrant, and the denial of the suppression motion was again raised in post-trial motions and on appeal.

"It is fundamental that a rule of law should not be applied where its application fails to serve the purposes for which it was designed." *Commonwealth v. Beatty,* 500 Pa. 284, 291, 455 A.2d 1194, 1198 (1983). *Commonwealth v. Myers,* 485 Pa. 519, 403 A.2d 85 (1979), illustrates the application of this principle. In *Myers,* four out of five co-defendants filed pretrial motions to suppress certain testimony. Matherly, the fifth defendant failed to file a suppression motion and failed to object to the witness's testimony. The Supreme Court held:

> In the case before us, where four of the five co-defendants raised the issue at the trial level, these reasons have been satisfied. The trial court did rule on this precise issue and appellant, Matherly, does not raise any points on this issue which were not presented before the trial court. It is important to note that this was a consolidated trial in which Matherly was being tried along with the

other four appellants. Any objection by Matherly's attorney during the trial would have been a futile act, since the trial court had already ruled that Howell would be competent to testify during the trial. The law does not require the performance of futile acts. Under these circumstances Matherly is entitled to relief as are the other four appellants.

*Id.*, 485 Pa. at 524, 403 A.2d at 87. Admittedly, *Myers* presents an extreme scenario, and we do not condone the lapse in trial advocacy of Matherly's attorney. However, where as here a rule does not serve the purpose for which it is designed, it should not be applied.

Pa.R.Crim.P. 323(j) is itself consistent with our holding. Rule 323(j) provides:

> (j) If the court determines that the evidence shall not be suppressed, such determination shall be final, conclusive and binding at trial, except upon a showing of evidence which was theretofore unavailable, but nothing herein shall prevent a defendant from opposing such evidence at trial upon any ground except its suppressibility.

The rule explicitly states that the hearing court's determination "shall be *final, conclusive and binding* at trial," subject to certain exceptions.[7] In *Commonwealth v. Walker*, 477 Pa. 370, 383 A.2d 1253 (1978), Justice Manderino, speaking for only two Justices of the Court,[8] addressed the waiver issue in conjunction with Rule 323(j).

> The prosecution, however, argues that appellant has waived his right to raise this issue because no objection was made to the admission of the statements during trial. An objection at trial, however, would have been a useless act. Rule 323(j) of the Pa.R. of Crim.P. states:
>
> > "If the court determines that the evidence is admissible *such determination shall be final, conclusive and binding at trial* except upon a showing of evidence

---

7. *See infra* p. 465.

8. Of the seven justices participating in the Walker decision, three dissented, two concurred in the result and one joined in Justice Manderino's Opinion.

which was theretofore unavailable, but nothing herein shall prevent a defendant from opposing such evidence at trial upon any ground except its admissibility." (Emphasis added.)

Under the above rule the determination made pretrial is final, conclusive, and binding at trial. The trial judge cannot overrule the admissibility determination made by the pretrial suppression judge. Accordingly, the appellant cannot be said to have waived an issue which he was precluded from raising during the trial.

*Walker,* 477 Pa. at 374, 383 A.2d at 1255. While *Walker*'s common sense, literal interpretation of Rule 323(j) is not precedent, we find its analysis persuasive. Cases not directly addressing the issue *sub judice* have indicated a similar, strict interpretation of the Rule. *Commonwealth v. Berklaimer,* 501 Pa. 85, 460 A.2d 233 (1983); *Commonwealth v. Throckmorton,* 241 Pa.Super. 62, 359 A.2d 444 (1976); *Commonwealth v. White,* 228 Pa.Super. 23, 324 A.2d 469 (1974) (allocatur denied).

Nothing we have stated thus far should be construed as limiting a defendant's right to object to the admissibility of "evidence at trial upon any ground except its suppressibility." Pa.R.Crim.P. 323(j). Moreover, the hearing judge's determination is not necessarily final if there is "a showing of evidence which was theretofore unavailable." *Id.* See *also Commonwealth v. Berkheimer, supra* (suppression court's determination is final except in the case of evidence not earlier available); *C.f. Commonwealth v. Branch,* 292 Pa.Super. 425, 437 A.2d 748 (1981) (allocatur denied) (Rule 323(j) does not suggest a suppression court itself is precluded from reopening a hearing to receive additional testimony). Finally, as the comment to Rule 323(j) states: "Paragraph (j) does not change the Massachusetts or 'humane' rule (whereby a defendant may raise the issue of voluntariness of a confession to the jury following denial of a motion to suppress) which is followed in the Commonwealth." *See Commonwealth v. Motley,* 472 Pa. 421, 372 A.2d 764 (1977); *Commonwealth v. Joyner,* 441 Pa. 242, 272 A.2d 454 (1971).

Underlying our decision today is a deep-rooted principle of Pennsylvania jurisprudential thought: "[a]bsent some new evidence, it is improper for a trial judge to overrule an interlocutory order by another judge of the same court in the same case." *Bersani v. School District of Philadelphia,* 310 Pa.Super. 1, 4, 456 A.2d 151, 153 (1982). *Accord Jaden Electric Division of The Fairfield Co. v. Wyoming Valley West School District,* 342 Pa.Super. 587, 493 A.2d 746 (1985); *Robert Wooler Co. v. Fidelity Bank,* 330 Pa.Super. 523, 479 A.2d 1027 (1984); *Melendez v. City of Philadelphia,* 320 Pa.Super. 59, 466 A.2d 1060 (1983); *Walker v. Pugliese* 317 Pa.Super. 595, 464 A.2d 482 (1983); *Duffy v. Gerst,* 286 Pa.Super. 523, 429 A.2d 645 (1981); *Commonwealth v. Eck,* 272 Pa.Super. 406, 416 A.2d 520 (1979); Annot., 20 A.L.R. Fed. 13 (1974); Annot., 132 A.L.R. 14 (1941). Such a rule ensures "some degree of finality to determinations of all pre-trial applications so that judicial economy and efficiency can be maintained." *Commonwealth v. Griffin,* 257 Pa.Super. 153, 157, 390 A.2d 758, 760 (1978). Under this rule, the trial court, when presented with an objection to evidence previously determined to be admissible, has no authority to reverse an earlier finding of the suppression court except under the circumstances set forth in Rule 323(j). Therefore, any objection by a defendant would be futile. "The law does not require the performance of futile acts." *Commonwealth v. Myers,* 485 Pa. at 524, 403 A.2d at 87.

"The binding nature of [a suppression] determination, however, is limited to the time of 'trial' in its popular sense, that is, through verdict and until the case goes into the hands of the court en banc." *Commonwealth v. Bonser,* 215 Pa.Super. 452, 455, 258 A.2d 675, 678 (1969) (allocatur denied). *Cf. Commonwealth v. Monarch,* 330 Pa.Super. 165, 178, 479 A.2d 491, 497 (1984) (Tamilia, J., concurring and dissenting) (suppression matters should not be relitigated at *trial,* but trial judge should have the opportunity to correct suppression errors in post-trial proceedings). A court en banc hearing post-verdict motions sits as a "higher

tribunal" than a trial court, *Commonwealth v. Bonser, supra,* and may be more accurately characterized as a quasi appellate court. Its function "is to review the rulings of the suppression hearing judge and the trial judge ... and [to] serve[ ] as the initial step in the appellate review of trial proceedings." *Commonwealth v. Oakes,* 481 Pa. 343, 347, 392 A.2d 1324, 1326 (1978) (citations omitted).

■ The court en banc, when reviewing post-verdict motions in accordance with Pa.R.Crim.P. 1123(a),[9] has the power to reverse prior erroneous rulings; this authority aids in deterring unnecessary appeals. *Commonwealth v. Norris,* 256 Pa.Super. 196, 389 A.2d 668 (1978). The post-verdict process

serves not only the immediate interest of the defendant but also the interest of facilitating effective appellate review. *See Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974). Even where the court en banc finds no reversible error, its review frequently serves to crystalize the issues and provide an appellate court, should an appeal be taken, with the findings, conclusions and reasoning of the court of common pleas with respect to an asserted issue.

*Commonwealth v. Oakes,* 481 Pa. at 348, 392 A.2d at 1327. *Accord* Pa.R.A.P. 1925; *Commonwealth v. Coleman,* 458 Pa. 324, 327 A.2d 77 (1974); *Commonwealth v. Mathis,* 317 Pa.Super. 362, 464 A.2d 362 (1983); *Commonwealth v. Norris, supra.* The reasoning of the trial court is often critical to our review. *Cf. Commonwealth v. Sirbaugh,*

---

9. Pa.R.Crim.P. 1123(a) provides:

(a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or a trial, unless the trial judge, upon cause shown, allows otherwise. Argument, a hearing, or both shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued or heard. If the grounds asserted do not require a transcript, neither the filing, argument, nor hearing of post-verdict motions shall be delayed for lack of a transcript of the notes of testimony.

339 Pa.Super. 351, 488 A.2d 1160, (1985) (case remanded for a "statement, in the form of an opinion, setting forth the reasoning of the trial court with regard to the various rulings made thereby."); *Commonwealth v. Hicks*, 328 Pa.Super. 233, 236, 476 A.2d 978, 980 (1984) (without a Rule 1925 opinion, we do not have the benefit of the trial judge's discussion of the issues presented in the post-trial motions); *see also Commonwealth v. Davis*, 313 Pa.Super. 355, 459 A.2d 1267 (1983) (when trial judge sits as trier of fact, he must evaluate credibility and weight of witnesses' testimony); *Commonwealth v. Mack*, 313 Pa.Super. 372, 459 A.2d 1276 (1983) (when trial court's findings are supported by the record, we must accept the findings). *Commonwealth v. Zimmerman*, 264 Pa.Super. 307, 399 A.2d 1064 (1979) (our function is not to weigh the evidence and substitute our judgment, but rather to determine whether the verdict is supported by the record, or whether the trial court committed error). "[T]o hold that the court en banc could not [for example] grant a new trial ... would eliminate the need for post-trial argument and deprive the appellate courts of the benefit of a review by the court en banc." *Commonwealth v. Bonser*, 215 Pa.Super. at 456, 258 A.2d at 678. Moreover, the court's review is not limited to rulings of the trial judge, but also extends to rulings of the pre-trial suppression hearing judge. *Commonwealth v. Oakes, supra; Commonwealth v. Youngblood*, 453 Pa. 225, 307 A.2d 922 (1973); *Commonwealth v. Ware*, 438 Pa. 517, 265 A.2d 790 (1970); *Commonwealth v. Bonser, supra.*

The term "en banc" envisions all or a majority of the judges on a particular court.[10] *In re Hanover Township*

10. Black's Law Dictionary (5th ed. 1979) defines en banc as follows:
**En banc** ... In the bench. Full bench. Refers to a session where the entire membership of the court will participate in the decision rather than the regular quorum. In other countries, it is common for a court to have more members than are usually necessary to hear an appeal. In the United States, the Circuit Courts of Appeal usually sit in panels of judges but for important cases may expand the bench to a larger number, when they are said to be sitting en banc. See Fed.R.App.P. 35. An appellate court in which all the judges who are necessary for a quorum are sitting as contrasted

*School Directors,* 290 Pa. 95, 137 A. 811 (1927). The Judicial Code does not specifically define a court en banc, but rather provides that the "composition of a court en banc shall be as specified by general rules." 42 Pa.C.S. § 326(a). According to our rules of criminal procedure, Rule 1123(e) states:

> (e) The trial judge shall determine whether post-verdict motions shall be argued before himself alone or before a panel sitting as a court *en banc.* Whenever the trial judge hears the motions alone, he may make any rulings that could be made by a court *en banc.*

The Rule gives the trial judge the discretion to determine whether post-verdict motions will be argued before a panel of judges sitting as a court en banc or argued before himself.[11] If the judge decides to hear the motions alone, a fortiori, the single judge sits as a court en banc. Inasmuch as "a court en banc has the authority to rehear and, if necessary, reverse pretrial rulings made by trial judges, ..., it follows that a trial judge sitting alone also has such power." *Commonwealth v. Hutson,* 240 Pa.Super. 245, 247, 363 A.2d 784, 785 (1976) (citation omitted). *See also Commonwealth v. Alvarado,* 333 Pa.Super. 63, 66, 481 A.2d 1223, 1224 (1984) ("when the trial judge hears the motions alone, he may make any rulings that could be made by a court en banc, Pa.R.Crim.P. 1123(e) )."

Consequently, we must remand this case to the trial court to consider the suppression issue raised in post-trial motions; specifically, the trial court is directed to review the issue of the validity of the search warrant, as it is determi-

with a session of such court presided over by a single justice or panel of justices.
Id. at 472–73.

**11.** In the civil context, the rule governing en banc argument is very similar to Pa.R.Crim.P. 1123(e). Rule 227.2 provides:

All post-trial motions and other post-trial matters shall be heard and decided by the trial judge unless he orders that the matter be heard by a court en banc of which he shall be a member. If the trial judge for any reason cannot hear the matter, another judge shall be designated to act. Nor more than three judges shall constitute the court en banc.

native of the suppression issue. If it is determined that the physical evidence should have been suppressed, then the judgment of sentence shall be vacated and appellants shall be entitled to a new trial. On the other hand, if it is determined that the suppression motion was properly decided, the judgment of sentence shall be reinstated and appellant may then appeal anew.

We have reviewed each of the remaining assignments of error and find them to be without sufficient merit to warrant reversal.[12]

Vacated and remanded; jurisdiction is not retained.

SPAETH, President Judge, joined in this opinion before the expiration of his term on the court.

12. In addition to the waiver issues discussed *supra,* appellants raised a number of other issues. Appellant Van Slochem offered the following issues for our review: Did the Commonwealth prove beyond a reasonable doubt that the defendant, Daniel Van Slochem possessed the contraband within the residence, or had the power or intent to exercise control over said contraband; Did the court err in allowing the Commonwealth witnesses to testify as to the identity and description of items seized and ordered suppressed by the court; Did the court err in denying defendant's timely motion to produce the eyewitness informant; Did the Commonwealth prove a conspiracy beyond a reasonable doubt.

Appellant Burchard raised the following issues: Was the appellant denied the effective assistance of counsel under Pennsylvania and Federal Constitutions where the trial court failed to make findings of fact and conclusions of law as required by Pa.R.Crim.P. 323(i) and Commonwealth v. Jackson and where trial counsel failed to press for same; Was the search warrant properly executed when there was entry by force with questionable announcement of authority, identity and purpose, and the occupant was not given a sufficient opportunity to admit the police into the premises; Was the appellant's right to a jury trial denied under the Federal and Pennsylvania Constitutions and Pa.R.Crim.P. where the jury-waiver colloquy was not knowing and intelligent or an effective waiver because a) it omitted basic requirements as called for in Commonwealth v. Williams, and separately but additionally, b) was conducted at a point in time that precluded the possibility of an effective waiver; Did the Commonwealth fail to prove an unlawful agreement and therefore did not prove a conspiracy beyond a reasonable doubt; Was the appellant denied the effective assistance of counsel under Pennsylvania and Federal Constitutions in failing to a) find, interview, investigate, subpoena, and call the following witnesses: 1. the other officers participating in the execution of the search warrant, 2. the co-defend-

ant, 3. character witnesses; b) file a motion to modify/reduce sentence; Was the appellant denied his Fifth, Sixth and Fourteenth Amendment rights under the Federal Constitution and applicable rights under the Pennsylvania Constitution, particularly his confrontation and fair trial rights, where no colloquy appeared of record reflecting his knowing and voluntary consent to stipulations that were seriously incriminating and amounting to an admission of guilt, or was trial counsel ineffective under Pennsylvania and Federal Constitutions for failing to require same.