512 A.2d 679

**COMMONWEALTH of Pennsylvania,**

**v.**

**Eric MAXWELL, Appellant.**

Superior Court of Pennsylvania.

Submitted May 20, 1986.

Filed July 7, 1986.

556

Spero T. Lappas, Harrisburg, for appellant.

William A. Behe, Chief Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence entered after appellant's conviction by a jury of robbery and criminal conspiracy. Appellant was sentenced to five to ten years imprisonment on each count, to be served at the expiration of a life sentence currently being appealed at No. 703 HBG. 1985.[1]

For a clear understanding of this case, it is necessary that we summarize the facts and procedures as they relate to other cases involving the appellant, which were tried separately.

The charges against appellant stem from the robbery of a local food market in Steelton, Pennsylvania. On March 15, 1984, appellant entered the store, placed a gun at the head of a cashier and obtained two cash drawers. Appellant then left the store with one cash drawer and entered an automobile registered in his name and driven by a codefendant, Victor Lewis Johnson.

After his arrest on other unrelated charges, appellant made a statement to a detective of the Harrisburg Police Department in which he admitted responsibility for the robbery. Appellant further indicated he was solely responsible for the robbery and that Victor Johnson played no role whatsoever in the planning of the crime.

Appellant was also charged in connection with the unrelated robbery and homicide which occurred at another store subsequent to the robbery at issue herein. The robbery and homicide charges were docketed to No. 1517 C.D. 1984 and No. 1517(a) C.D. 1984. The instant action was docketed to No. 1517(b) C.D. 1984. Originally, these cases were to be joined for trial; however, pursuant to appellant's motion for severance, 1517 and 1517(a) were tried together and separate from the action herein. Included in appel-

1. The instant action is unrelated to appellant's other appeal before this panel at *Commonwealth v. Maxwell*, No. 703 Hbg. 1985 (J–32008/86), although the crimes giving rise to the respective appeals occurred on the same date and appellant was sentenced in both cases on the same day.

lant's motion to sever was a motion to suppress the afore-mentioned statement he had made to the detective. The statement included admissions relative to all three docketed cases.

Prior to the trial on Nos. 1517 and 1517(a), a hearing was held before Judge Schaffner on the motion to suppress wherein the statement was found to be made voluntarily by appellant without duress, when he was in command of his faculties and after being apprised of his constitutional rights. The statement was held valid and permissible for use at trial of the cases docketed to 1517 and 1517(a).

When the instant action was subsequently called for trial, before Judge Lipsitt, appellant suggested to the court that there was an outstanding suppression motion to be re-solved. The court determined that the earlier disposition by another judge on the same issue was a final Order and thus it could not reach a second decision on the same question of admissibility.

Appellant now contends the lower court should have granted his suppression motion because the Commonwealth failed to sustain its burden of proof at the suppression hearing. Appellant argues the Commonwealth cannot sus-tain their burden of proof by relying on an earlier decision as to the admissibility of the statement without presenting evidence a second time.

■ We find that this issue is not properly before us for review. The proper procedure for preserving appeal rights from a second suppression hearing when separate suppres-sion hearings arise from a single arrest, was recently enun-ciated by the Pennsylvania Supreme Court in *Common-wealth v. Lagana*, 510 Pa. 477, 509 A.2d 863 (1986). The court held that,

> ... in those instances where two prosecutions arise out of a single search and/or seizure, a decision by a suppres-sion judge during the first prosecution can, upon the motion of the previous prevailing party, become part of the second prosecution. The party against whom this decision is being offered may offer any new evidence

which was previously unavailable. *See generally* Pa.R. Crim.P. 323(j). Absent such new evidence the suppression judge in the second prosecution must adopt the findings and conclusions of the first judge, and incorporate them into the record. Thereupon, the party against whom the first decision is offered may have the validity of the decision reviewed on appeal. (509 A.2d at 866) (footnote omitted)

Therefore, we remand for the Commonwealth to motion nunc pro tunc for integration of the first suppression hearing record into the record of the second hearing. Further hearings on that motion will be limited to new evidence only. Then, if necessary, post-trial motions could be raised and then considered by the court below. Appellant need not object to the introduction of evidence at trial in order to preserve a suppression issue for appellate review. *See Commonwealth v. Burchard*, 349 Pa.Super. 456, 503 A.2d 936 (1986). However, he must renew his suppression motion at the post-trial stage.

Those matters appellant attempted to raise at trial and on appeal as to the validity of the lower court's suppression findings are subject to review in the post-trial proceedings in the same manner as any other allegation of error. Upon consideration of the post-trial motions and findings by the court, the matter will then have been properly preserved for appeal. *Burchard, supra.* An appeal of such decision to this Court would then be proper.

In the interest of judicial economy, we will address appellant's two remaining allegations of error which we find meritless. Appellant further argues that the lower court erred in denying his motion to suppress the identification testimony of Constance Williams, the cashier at the market where the robbery occurred. The lower court permitted Ms. Williams to testify at trial and make an in-court identification of appellant. Appellant asserts that Ms. Williams identification is inherently unreliable because she only had a brief opportunity to view the robber and she was hysterical during the ordeal. Additionally, appellant argued that the witness's in-court identification was further tainted by a

preliminary hearing proceeding at which she observed appellant obviously singled out as the suspect for the crime.

■ There are three threshold requirements which the Commonwealth must meet in order to introduce Ms. Williams identification testimony. First, the victim must be present to testify as to the events that transpired between the victim and the accused and as to identity of the appellant as the actor. Second, the victim must possess knowledge of and an ability to reconstruct the prior criminal episode and to identify the appellant from observations of him at the time of the crime. Third, appellant must be present in the courtroom so that the victim can observe him and compare his appearance to that of the offender. *Commonwealth v. W.P.*, 302 Pa.Super. 66, 448 A.2d 97, 99 (1982), citing *United States v. Crews*, 445 U.S. 463, 471, 100 S.Ct. 1244, 1249, 63 L.Ed.2d 537 (1980).

■ Constance Williams was present at appellant's trial and testified at length as to the circumstances of the robbery. Ms. Williams was also able to reconstruct the crime and testified that appellant was in the store for about (10) ten minutes (T.T. 1/22/85 p. 13) and that he confronted her face to face. (T.T. 1/22/85 p. 53) She testified that he wore no mask and his face was otherwise unobstructed. (T.T. 1/22/85 p. 12) Ms. Williams was also able to give the police a full description of her assailant after the incident. (T.T. 1/22/85 p. 18) Ms. Williams identified appellant, both at the preliminary hearing and at trial, as the perpetrator of the robbery.

Furthermore, we agree with the lower court's holding that, relative to appellant's contention that the prior identification as such tainted the in-court identification, even when an improper pre-trial identification has been made, an in-court identification is admissible if it has a sufficient independent basis. *Commonwealth v. Connolly*, 478 Pa. 117, 120–121, 385 A.2d 1342, 1344 (1978).

Finally, appellant argues that the lower court erred in denying his demurrer to the charge of conspiracy. Appellant contends that a person who commits a robbery is not

guilty of criminal conspiracy as well, simply because he is seen in the company of another person who drives him away from the scene of the crime. It is asserted that there is no evidence of a pre-existing agreement and no evidence that Victor Johnson, as he waited outside, knew appellant intended to rob the market.

In assessing appellant's claim of insufficient evidence to support a conviction of conspiracy, we must regard all the evidence in the light most favorable to the Commonwealth, accepting as true all evidence upon which the fact finder could have based the verdict and then we must ask whether that evidence, along with all reasonable inferences to be drawn therefrom, was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Volk*, 298 Pa.Super. 294, 300, 444 A.2d 1182, 1184 (1982).

 The evidence presented at trial established that appellant and Victor Johnson arrived at the scene together in a vehicle registered to the appellant. Johnson parked the vehicle to the rear of the market and remained at that location while the robbery was in progress. (T.T. 1/22/85 p. 94) After leaving the store, with the fruits of the robbery, appellant went directly to the vehicle in which Johnson was waiting and got inside. (T.T. 1/22/85 p. 93) The vehicle, driven by Johnson, immediately sped away and proceeded the wrong way on a one-way street. (T.T. 1/22/85 p. 70) Additionally, the evidence showed that Johnson shared in the fruits of the robbery. (T.T. 1/22/85 p. 93)

"The crime [of conspiracy], by its very nature, is frequently not susceptible of proof except by circumstantial evidence." *Commonwealth v. Carter*, 272 Pa.Super. 411, 414, 416 A.2d 523, 524 (1979). Although presence at the scene of the crime and participation in the object of the conspiracy are not sufficient independently to prove confederation, when they are in conjunction with each other, and in the context in which they occurred, they may be sufficient to furnish a web of evidence linking the accused to the conspiracy. *Carter*, 272 Pa.Superior Ct. at 414, 416 A.2d at 524.

562

It seems clear from a review of the evidence that appellant had Victor Johnson accompany him for the express purpose of his getaway from the scene of the crime. The jury in this case concluded that appellant was guilty of criminal conspiracy and our review persuades us there was sufficient evidence to support that finding.

Therefore, we affirm the trial court as to issues two and three. However, as to issue one, remand is necessary for the Commonwealth to motion nunc pro tunc for the record of the suppression hearing held on November 5, 1984 to be incorporated as the suppression hearing in the instant action. Appellant may then file post-trial motions to be considered by the trial court following which an appeal may be taken to this Court.

Case remanded for proceedings consistent with this Opinion, jurisdiction relinquished.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the appeal from the Judgment of Sentence of the Court of Common Pleas of Dauphin County is remanded for proceedings consistent with this opinion. Jurisdiction relinquished.