**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHAPEL THOMPSON, | |
| Appellant | No. 1531 MDA 2016 |

Appeal from the PCRA Order August 22, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001547-2012

BEFORE: SHOGAN, RANSOM, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 18, 2017**

Chapel Thompson ("Appellant") appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, following his convictions for robbery, kidnapping, conspiracy, theft by extortion, and unlawful restraint.[1] We affirm.

The PCRA Court set forth the following factual and procedural background:

> On December 18, 2011, Leroy Freeman went to the Lancaster City Bureau of Police to report that he had been forced at gunpoint on three separate occasions to give money to [Appellant] and his coconspirators, Aaron Robinson and Lennell Preston. Specifically, on December 11, 2011, all three individuals came into Freeman's place of business, a barber shop

---

[1] 18 Pa.C.S. § 3701(a)(1)(ii), 18 Pa.C.S. § 2901(a)(2), 18 Pa.C.S. § 903(a)(1),18 Pa.C.S. § 3923(a)(1), and 18 Pa.C.S. § 2902(a)(1), respectively.

in the City of Lancaster, and demanded $5,000.00. Freeman was forced into the rear of the shop and handcuffed to a pipe. The victim's money and identification were taken; a gun was brandished, and his life was threatened. Freeman told the co-defendants that he only had $1,500.00 in his bank account at that time.

Freeman was eventually forced to travel to a bank automated teller machine outside the City, where the daily maximum withdrawal amount of $500.00 was removed from the victim's account and taken by [Appellant] and his co-conspirators. The co-defendants told Freeman they would return the next day for the remainder of the $1,500.00, and [Appellant] told Freeman if he did not come up with money "it could get fatal."

On December 12, 2011, [Appellant] appeared at the victim's place of business, demanding the remainder of the money. Freeman had only been able to remove $500.00 from the ATM that day because he did not have his identification which had been stolen from him the night before. [Appellant] left and returned with Freeman's identification and forced the victim to go with him to the bank to withdraw additional funds from his account.

The third incident occurred on December 18, 2011, and involved only co-defendant Aaron Robinson. After returning to the shop, Robinson demanded money and proceeded to assault Freeman and threaten him with a firearm. He allowed Freeman 15 minutes to obtain additional money "or he was going to shoot [Freeman]." After Robinson left the shop, Freeman got in his car and, instead of going to the bank, he went to the police to report the robberies and kidnap[p]ings.

As a result, on December 27, 2011, the Commonwealth charged [Appellant] and his co-defendants Robinson and Preston with three counts of robbery, two counts of kidnap[p]ing to facilitate a felony, criminal conspiracy, theft by extortion, and unlawful restraint/risking serious injury based on these armed robberies involving Freeman that took place between December 12 and December 18, 2011. [Appellant] was ultimately arrested on January 4, 2012.

* * *

- 2 -

On January 9, 2013, a motion in limine was filed in which [Appellant] requested the Court preclude the admission of a number of items seized from his house on January 4, 2012, at the time of his arrest, particularly two handguns, a Glock and a Makarov, along with a set of handcuffs. This motion was addressed at a pre-trial hearing held on January 14, 2013. Co-defendant Preston's statement to the police put the Glock in [Appellant's] hand and the handcuffs in his own during the course of one of the robberies. As such, [the trial court] ruled that the Glock handgun and handcuffs recovered from [Appellant's] house were admissible evidence, but nothing else found at his home, including the Makarov, would be allowed in unless the door was opened. Trial counsel did not note an objection to this decision, and stated that he understood what the [c]ourt's decision was. During this hearing, [Appellant's] trial attorney also orally joined Robinson's motion to sever the cases. I denied this motion and, on January 16, 2013, jury selection began for the joint trial.

During the course of the trial, counsel for co-defendant Robinson cross examined the victim of the [kidnappings] and robberies regarding the gun that was used to facilitate the crimes. The victim testified that the handgun he observed was silver and brown. [Appellant's] counsel thereafter conceded that the Makarov recovered in [Appellant's] residence was a blued steel handgun with "distinctive" brown plastic grips. Therefore, the Commonwealth argued that the victim's testimony opened the door to the admission of the Makarov as the description the victim provided was similar to that of the Makarov. Defense attorney Gratton objected to the admission of the evidence because the door had been opened for its admission by counsel for co-defendant Robinson, and not [Appellant]. [Appellant's] objection was overruled and the Commonwealth was permitted to introduce the Makarov into evidence.

Consequently, the Commonwealth marked both handguns—the Glock (Commonwealth Exhibit 6) and the Makarov (Commonwealth Exhibit 7)—and, at the conclusion of its case, moved for their admission, along with eight other exhibits. Attorney Gratton had "[n]o objection" to the Commonwealth's exhibits at that time. Trial counsel, however, did immediately thereafter request a mistrial due to the admission of the handguns, although he did not specifically

object to their actual admission. This mistrial request was denied.

At the close of the Commonwealth's case, [the trial court] inquired into whether [Appellant] would be testifying. Trial counsel informed me that he did not have an answer yet from [Appellant]. Later, trial counsel stated that he did not have any witnesses on behalf of [Appellant]. Following a three-day trial, [Appellant] was found guilty of the robberies, kidnap[p]ings, and related offenses.

PCRA Court Opinion, 8/22/16, at 1–5 (footnotes and citations omitted).

Appellant received an aggregate sentence of twenty-three to forty-six years of incarceration and filed timely post-sentence motions, which the trial court denied by opinion and order dated June 24, 2013. Appellant filed a timely appeal to this Court, and we affirmed the judgment of sentence on May 7, 2014. *Commonwealth v. Thompson*, 104 A.3d 40, 1346 MDA 2013 (Pa.Super. filed May 7, 2014). Appellant filed a timely notice of appeal to the Supreme Court of Pennsylvania which was denied on October 15, 2014. *Commonwealth v. Thompson*, __ A.3d __, 391 MAL 2014 (Pa. 2014). On January 11, 2016, Appellant filed the instant timely PCRA petition. The PCRA court held a hearing regarding Appellant's PCRA petition on March 11, 2016. The PCRA court denied the PCRA petition, and Appellant timely appealed to this Court.

Appellant presents the following issues for our review:

1. Whether appellate counsel was ineffective for failing to raise the admission of two firearms. The issue was preserved for appellate review and was even included in counsel's 1925(b) statement. [Appellant] was highly prejudiced by the admission of these firearms. Did the trial court err in holding that appellate counsel was not ineffective?

2. Whether trial counsel interfered with [Appellant's] right to testify when trial counsel did not tell [Appellant] he has a right to testify, trial counsel told [Appellant] not to testify because he would not be convicted, counsel only met with [Appellant] to discuss his possibility of testifying in two short meetings, and there was no on-the-record colloquy regarding his decision?

Appellant's Brief at 4.

We will review an order dismissing a PCRA petition in the light most favorable to the prevailing party at the PCRA level. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012). When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's finding will not be disturbed unless there is no support for those findings in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

In his first issue, Appellant argues that the PCRA court erred when it found that Appellant's appellate counsel was not ineffective for failing to raise and brief the trial court's alleged error in the admission of the Glock semi-automatic gun and the Makarov semi-automatic gun in his appeal to the Superior Court. Appellant's Brief at 16. Preliminarily, we note that when reviewing a claim of ineffective assistance of counsel, "counsel is presumed effective and will only be deemed ineffective if the petitioner demonstrates counsel's performance was deficient and he was prejudiced by that deficient performance." ***Ford***, 44 A.3d at 1194 (quoting ***Commonwealth v.***

*Burkett*, 5 A.3d 1260, 1271–1272 (Pa. Super. 2010)). The Supreme Court of Pennsylvania set forth the following three-pronged test Appellant must satisfy in order to prevail on his claim of ineffective assistance of counsel: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." *Commonwealth v. Paddy*, 15 A.3d 430, 442 (Pa. 2011).

There are two guns at issue in this appeal, a Glock and a Makarov, which were admitted into evidence as Commonwealth's exhibits numbers six and seven, respectively. N.T. (Trial), 1/17/13, at 230. Because the grounds for their admissibility are different, we will discuss each gun separately.

Turning first to the Glock, trial counsel filed a motion *in limine* seeking, *inter alia*, to preclude admission of the Glock and a pair of handcuffs. Appellant's Motion in Limine, 1/9/13, at 1–2. At the pretrial hearing, while discussing the motion *in limine*, trial counsel noted that "[o]ut of all the things seized at the time of [Appellant's] arrest, [the Glock and the handcuffs] would be the only two things that in any way could arguably relate to the offenses for which [Appellant] stands before Your Honor prepared to go to trial." N.T. (Pretrial Hearing), 1/14/13, at 50. He also stated, "In any event, Your Honor, I do think the argument remains that the most that should come in out of this extensive list of fire-arms related things would be the Glock and the handcuffs." *Id*. at 53. Further, we note that when the trial court admitted the Glock as Commonwealth's exhibit number

six, trial counsel failed to lodge an objection to its admissibility.[2]    N.T.

(Trial), 1/17/13, at 232–234.   Thus, any issues relating to its admissibility

are waived.  **See, e.g., Commonwealth v. Burchard**, 503 A.2d 936, 938–

939 (Pa. Super. 1986) ("Our Courts have repeatedly held that issues must

be preserved at each and every stage of review; otherwise, they are deemed

waived and cannot subsequently be raised on appeal").  Because the issue of

the admissibility of the Glock was not preserved for appeal by trial counsel,

it is without arguable merit and appellate counsel cannot be found to be

ineffective for failing to raise the issue.  **Paddy**, 15 A.3d at 442.

Turning to the Makarov, we first note that the trial court granted

Appellant's motion *in limine* to exclude the Makarov.  N.T. (Pretrial Hearing),

1/14/13, at 55.   Although the trial court excluded the Makarov and other

evidence, the trial court stated that any of the excluded evidence would

remain inadmissible "unless the door is open." **Id**.  As the trial progressed,

Appellant's co-defendant's counsel asked the victim about the guns used

during the robbery, and the victim testified that the gun was "maybe silver

and brown." N.T. (Trial), 1/17/13, at 188.  The Makarov is a blued steel gun

---

[2] Although trial counsel did not object to the admission of the gun, he later moved for a mistrial on the grounds that the Glock should not have been admitted into evidence.  N.T. (Trial), 1/17/13, at 327.   This does not preserve the issue for appeal.  "We have long held that '[f]ailure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal.'" **Commonwealth v. Thoeun Tha**, 64 A.3d 704, 713 (Pa. Super. 2013) (quoting **Commonwealth v. Pearson**, 685 A.2d 551, 555 (Pa. Super. 1996)).

with brown grips. *Id*. at 225. During a sidebar, trial counsel for Appellant objected to admitting the Makarov into evidence because the victim testified that the gun was silver, not blued steel, and because Appellant should not be prejudiced because his co-defendant's counsel opened the door for the admission of the gun. *Id*. at 226. The trial court denied the objection and allowed a law enforcement officer to testify about the Makarov found in Appellant's home. *Id*. at 227. Thus, there has been no waiver of Appellant's argument regarding the admissibility of the Makarov.

As discussed *supra*, Appellant must meet the following three-pronged test to establish ineffective assistance of counsel: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." *Paddy*, 15 A.3d at 442. Appellant is unable to prove that the underlying claim, namely that the trial court erred when it admitted the Makarov into evidence, has arguable merit and his ineffective assistance of counsel claim fails for that reason.

Preliminarily, we note that the admission of evidence is within the sound discretion of the trial court. *Commonwealth v. Washington*, 63 A.2d 797, 805 (Pa. Super. 2013). Thus, we will review the trial court's ruling on the admissibility of that Makarov for an abuse of discretion. *Commonwealth v. Elliot*, 80 A.3d 415, 446 (Pa. 2013). As the Supreme Court of Pennsylvania held:

An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. Typically, all relevant evidence, *i.e.,* evidence which tends to make the existence or non-existence of a material fact more or less probable, is admissible, subject to the prejudice/probative value weighing which attends all decisions upon admissibility.

***Commonwealth v. Dillon***, 925 A.2d 131, 136 (Pa. 2007) (internal citations and quotations omitted).

Appellant argues that the trial court's decision to admit the Makarov was unduly prejudicial for a litany of reasons, including: its admission persuaded the jury to convict only because Appellant had a gun, the admission of the gun diverted the jury's attention from the facts of the case; and the admission of the gun caused the jury to convict Appellant "based on [Appellant] as a person, not on what he has done." Appellant's Brief at 38. Appellant also argues that the admission of the gun constituted a violation of his due process right to a fundamentally fair trial. ***Id***. None of these arguments has merit.

As the PCRA properly noted, "[r]elevance is the threshold for admissibility of evidence." PCRA Court Opinion, 8/22/16, at 19 (quoting ***Commonwealth v. Semenza***, 127 A.3d 1, 7 (Pa. Super. 2015)). "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." ***Id***. (quoting ***Commonwealth v. Drumheller***, 805 A.2d 893, 894 (Pa. 2002)). Pursuant

to Pennsylvania Rule of Evidence 403, a trial court may exclude relevant evidence if its probative value is outweighed by the danger, *inter alia,* of unfair prejudice or misleading the jury. Pa.R.E. 403.

The trial court admitted the Makarov because it, along with the Glock and handcuffs, were found in Appellant's home within two weeks of the crimes. PCRA Court Opinion, 8/22/16, at 20. The trial court found that the admission of the Makarov tended to make a fact or consequence in the crime more probable, as required by Pennsylvania Rule of Evidence 401. **Id**. Specifically, the PCRA court found that evidence of the guns was admissible to show Appellant had the ability to acquire a gun and had the opportunity to commit the crimes for which he was convicted. **Id**. Further, the Makarov matched the victim's description of the gun at trial. N.T. (Trial), 1/17/13, at 188. Appellant's co-defendant testified that Appellant had a gun during the commission of the crime and provided the handcuffs used to cuff the victim to a pipe in the back room. **Id**. at 248–249. The PCRA court also noted that the possession of a gun is not a bad act and the jury did not hear evidence that Appellant committed a crime by possessing the gun. PCRA Court Opinion, 8/22/16, at 20.

Given all of the above, the admission of the Makarov does not constitute an abuse of the trial court's discretion. **See Commonwealth v. Williams**, 640 A.2d 1251, 1260 (Pa. 1994) (finding that a weapon found in the possession of a defendant may be admitted into evidence, "even though it cannot positively be identified as the weapon used in the commission of a

particular crime, if it tends to prove that the defendant had a weapon similar to the one used in the perpetration of the crime."). **See also Commonwealth v. Christine**, 125 A.3d 394, 401 (Pa. 2015) ("Possession of a handgun may be relevant even if the particular gun possessed cannot be proven to be the one used in the crime."); **Commonwealth v. Holmes**, No. 2704 EDA 2011, 2013 WL 11279593 (Pa. Super. 2/22/2013) (applying **Williams** and finding that guns recovered in defendant's basement were admissible to show access to firearms). To the extent that it is not certain that the Makarov was the actual weapon used in the commission of the crime, that uncertainty speaks to the weight of the evidence. **Williams**, 640 A.2d at 1260. The trial court did not err when it admitted the Makarov into evidence; thus the underlying issue was without merit, and appellate counsel cannot be deemed ineffective for failing to raise a meritless claim. **Paddy**, 15 A.3d at 442.

In his second issue, Appellant argues that his trial counsel was ineffective for failing to call Appellant as a witness at trial, thereby interfering with his right to testify. Appellant's Brief at 42. The Supreme Court of Pennsylvania held in **Commonwealth v. Nieves**:

> In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

**Nieves**, 746 A.2d 1102, 1104 (Pa. 2000).

In support of his claim, Appellant argues that he was unaware that he had the right to testify and that he believed he had no choice but to follow trial counsel's advice.  Appellant's Brief at 45.  Appellant also argues that the lack of an on-the-record colloquy regarding his right to testify and decision not to do so is evidence of the fact that his waiver of his right to testify was not knowing, voluntary, or intelligent.  *Id*. at 46.

The PCRA court found that trial counsel credibly testified at the PCRA hearing that "on at least two occasions, he specifically explained and thoroughly discussed with [Appellant] whether he should testify at trial: one meeting occurred pre-trial and one meeting occurred during the trial."  PCRA Court Opinion, 8/22/16, at 11–12 (citing N.T. (PCRA Hearing), 3/11/16 at 8, 15).  Conversely, the PCRA Court found that Appellant's testimony regarding his lack of understanding of his right to testify was not credible.[3]  It is well established that "[t]he PCRA Court's credibility determinations, when supported by the record, are binding on this Court."  *Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa. Super. 2014).  Thus, this Court will defer

_____

[3]  In support of its finding that Appellant's testimony on this issue was not credible, the PCRA court noted that Appellant's testimony on the issue vacillated between Appellant making the decision and trial counsel making the decision for him.  PCRA Court Opinion, 8/22/16, at n. 9.  The PCRA Court also relied on the fact that at the time of trial, Appellant was twenty-eight years old and had his G.E.D.; thus, the argument that he could not "discern the difference between someone giving legal advice and someone dictating a course of action is unsupportable."  *Id*.

to the PCRA court's credibility determination regarding the testimony of Appellant's trial counsel and Appellant.

This finding is supported by the testimony at the PCRA hearing. During that hearing, trial counsel testified that he informed Appellant of the pros and cons of testifying and that the decision whether to testify or not was made by Appellant. N.T. (PCRA Hearing), 3/11/16, at 15. Trial counsel also testified that he would have put Appellant on the witness stand if he had wanted to testify. *Id*. We also note that during the trial, the judge asked counsel who they would be calling as a witness and Appellant's trial counsel responded, "The only thing I can tell you, I don't have a hundred percent answer out of [Appellant]…I don't think [Appellant is] going to, but I'll tell him we need a final answer." N.T. (Trial), 1/18/13, at 338.

Further, during the PCRA hearing, Appellant testified that it was his decision not to testify, based upon trial counsel's advice:

Q: So it was your decision not to testify?

A: I guess.

Q: Based on his advice, it was your decision, though?

A: My decision was to tell my version of the story. His decision was that I wouldn't have been found guilty, so just leave it as it is. And I agree with his decision, I guess.

Q: You agree with his decision for you not to testify?

A: Yes.

N.T. (PCRA Hearing), 3/11/16, at 24. As the PCRA Court found, the evidence established that after consulting with trial counsel, Appellant made the decision not to testify. PCRA Court Opinion, 08/22/16, at 11.

Appellant argues in the alternative that trial counsel's advice that Appellant not take the stand was so unreasonable that it vitiated Appellant's knowing and intelligent waiver. Appellant's Brief at 45. This claim is without merit. Trial counsel advised Appellant not to testify for several reasons, and this Court has repeatedly held that "[c]ounsel is not ineffective where counsel's decision not to call the defendant was reasonable." *Commonwealth v. O'Bidos*, 849 A.2d 243, 250 (Pa. Super. 2004).

In this case, trial counsel testified that he advised against Appellant testifying for several reasons, including that Appellant's testimony could open the door to a significant amount of drug-related evidence that was discovered at Appellant's residence, which had been excluded through Appellant's pretrial motion *in limine*. N.T. (PCRA Hearing), 3/11/16, at 16–17. Trial counsel also testified that he knew the district attorney in this case was aggressive on cross-examination and may have pushed Appellant to open the door to that evidence. *Id*. at 17. He also testified that there was little physical evidence that placed Appellant at the bank with the victim—but that Appellant's proposed testimony would do specifically that. *Id*. at 15. Finally, trial counsel advised Appellant against testifying because he believed there were significant credibility issues with Appellant's proposed testimony. *Id*. at 15–16. The above reasons establish that trial counsel was acting

reasonably when he advised Appellant against testifying in this case. **See, e.g., Commonwealth v. Puskar**, 951 A.2d 267, 280 (Pa. 2008) (finding that counsel was not ineffective for not offering the testimony of individuals who could open the door to evidence that had been excluded); **O'Bidos**, 849 A.2d at 250 (finding counsel was not ineffective for counseling against defendant taking stand on his own behalf where there were issues that could be brought out on cross examination, including, *inter alia*, defendant's prior criminal history and the circumstances surround his arrest and where counsel believed that the jury would negatively perceive aspects of defendant's proposed testimony).

Appellant has failed to establish that trial counsel interfered with his right to testify or that trial counsel offered advice so unreasonable so as to vitiate Appellant's knowing and intelligent decision to testify on his own behalf. Thus, Appellant's second issue does not warrant PCRA relief on those grounds.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017