403 A.2d 85

**COMMONWEALTH of Pennsylvania**

v.

**Roy W. MYERS, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Bruce A. JOHNSTON, Norman L. Johnston, David K. Johnston, Appellants.**

**COMMONWEALTH of Pennsylvania**

v.

**Francis R. MATHERLY, Appellant.**

Supreme Court of Pennsylvania.

July 5, 1979.

520

Michael J. Rostolsky, Lancaster, for appellant in No. 442.

Ronald L. Buckwalter, Dist. Atty., John A. Kenneff, Asst. Dist. Atty., Lancaster, for appellee in Nos. 442 and 512.

James H. Thomas, W. Robert Landis, Lancaster, for appellants in No. 443.

John A. Kenneff, Asst. Dist. Atty., Lancaster, for appellee in No. 443.

Thomas G. Klingensmith, Public Defender, W. Robert Landis, Lancaster, for appellant in No. 512.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Three appeals involving a total of five appellants have been consolidated in this opinion. Appellants, Roy W. Myers, Bruce A. Johnston, Norman L. Johnston, David K. Johnston and Francis R. Matherly, were tried together on various charges of theft, receiving stolen property and conspiracy arising from five separate incidents involving tractors and other farm equipment. After hearing testimony from a witness convicted of perjury but unsentenced for over five years, the jury convicted all five appellants on various counts. The Superior Court affirmed the judgment of sentence of each appellant and each subsequently petitioned this Court for allowance of appeal. Those petitions were granted, consolidated, and these appeals followed. Appellate Court Jurisdiction Act of 1970, July 31, 1970, P.L. 673, No. 223, Art. II, 17 P.S. § 211.204 (Supp. 1978–79).

Appellants raise various issues but all of them raise the same issue concerning prosecutorial misconduct designed to circumvent the Disqualification Act, Act of May 23, 1887, P.L. 158 § 2(a) as amended, 19 P.S. § 682. The facts are these: The testimony of Kenneth Howell was essential to the prosecution's case. Howell implicated appellants in the commission of the crimes charged. Approximately five years prior to Howell's testimony in this case he had been found guilty of perjury. Post-verdict motions were filed

and denied. In the normal course of events, Howell would have been sentenced about five years before his appearance as a witness in this case. In fact, a co-defendant of Howell's who was convicted along with Howell of perjury in 1971, was sentenced, after the denial of his post-verdict motions, in 1972. The co-defendant has since served his sentence and been released. Howell was not sentenced, however, until 1976, *after* he had appeared as a witness against appellants. Howell himself caused a delay in his sentencing for a six-month period after his conviction when he was a fugitive, but after that period he was available for sentencing for over four years.

■ The delay in the sentencing of Howell is important because had he been sentenced prior to appellants' trial, he would have been incompetent to testify. One convicted of perjury is incompetent as a witness after being sentenced. *Commonwealth v. Finkelstein*, 191 Pa.Super. 328, 156 A.2d 888 (1959); *American Bank v. Felder*, 59 Pa.Super. 166 (1914); *Commonwealth v. Miller*, 6 Pa.Super. 35 (1897); The Disqualification Act, Act of May 23, 1887, P.L. 158, § 2(a), as amended, 19 P.S. § 682.

■ The prosecution does not deny that it deliberately caused a delay in Howell's sentencing in order to prevent the operation of the Disqualification Act. It frankly admits that it was able to manipulate the calendar of the judicial branch and delay the sentencing of Howell until after appellants' trial. The prosecution in this appeal considers its manipulation permissible and in effect asks this Court to approve such tactics. Its only argument on this issue is that we should affirm appellants' convictions since Howell, not having been sentenced, was not rendered incompetent by the Disqualification Act. We refuse, however, to place a stamp of approval on such a blatant attempt to obstruct the expressed intent of the legislature by manipulating the time of Howell's sentencing.

Our system of jurisprudence has deep rooted concepts of the proper role of the prosecution in criminal litigation and of the principles of a fair trial. Indeed, over half a century ago, this Court stated the

"district attorney, in his official capacity, exercises in a measure a judicial function. . . . [I]t is also incumbent on him to see that the commonwealth's case is fully and *fairly* presented." (Emphasis added.)

*Commonwealth v. Meyers*, 290 Pa. 573, 580, 139 A. 374, 377 (1927).

We also have said:

"[i]t is a settled principle of law that the Commonwealth must try a case *fairly* and that the district attorney is not a 'vindictive seeker for vengeance'." (Citations omitted.) (Emphasis added.)

*Commonwealth v. Palermo*, 368 Pa. 28, 32, 81 A.2d 540, 542 (1951).

And, finally, we have said

"Convictions should not be obtained with any suspicion of prosecutorial misconduct."

*Commonwealth v. Terenda*, 451 Pa. 116, 122, 301 A.2d 625, 629 (1973).

The prosecution's admitted delaying tactics which obstructed the effectiveness of the Disqualification Act do not constitute conduct which can be reconciled with the standards set for many years by this Court. Such manipulation does not constitute a *fair* trial. We refuse to accede to the prosecution's request that this Court approve of its conduct by affirming appellants' convictions.

 Appellants, Roy W. Myers, Bruce A. Johnston, Norman L. Johnston and David K. Johnston all filed pretrial motions to suppress the testimony of the witness based upon his incompetency under the Disqualification Act. Appellant, Francis R. Matherly, however, apparently failed to file such a motion and did not specifically object to the witness's

testimony on these grounds. The prosecution therefore argues that Matherly has waived his right to raise this issue on appeal. Normally all issues must be raised at the trial level in order to preserve them for appellate review, *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). The reason for this rule has been enumerated as threefold: (1) appellate courts will not expend time and energy where no trial ruling has been made; (2) the trial court is more likely to reach a satisfactory result when the issue is properly presented; and (3) appellate courts may dispose of properly preserved issues more expeditiously. *Commonwealth v. Clair, supra.* In the case before us, where four of the five co-defendants raised the issue at the trial level, these reasons have been satisfied. The trial court did rule on this precise issue and appellant, Matherly, does not raise any points on this issue which were not presented before the trial court. It is important to note that this was a consolidated trial in which Matherly was being tried along with the other four appellants. Any objection by Matherly's attorney during the trial would have been a futile act, since the trial court had already ruled that Howell would be competent to testify during the trial. The law does not require the performance of futile acts. Under these circumstances Matherly is entitled to relief as are the other four appellants.

We need not reach the other issues raised by the various appellants including: (1) the trial court erred in denying applications for severance; (2) the trial court erred in not permitting cross-examination concerning the criminal record of a witness; (3) the trial court erred in denying a motion for new trial based on after-discovered evidence; and (4) the trial court erred in permitting the testimony of a witness who was medically incompetent.

The order of the Court of Common Pleas denying appellants a new trial and the order of the Superior Court affirming that order are hereby reversed and appellants are granted a new trial.