J-S52010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL ANDREW NOLL, | |
| Appellant | No. 47 MDA 2018 |

Appeal from the Order Entered November 27, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004981-2011

BEFORE: BENDER, P.J.E., MCLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED OCTOBER 03, 2018**

Appellant, Michael Andrew Noll, appeals from the trial court's November 27, 2017 order denying his *pro se* "Application for Leave to File Post-Sentence Motions/Appeal *Nunc Pro Tunc*" (hereinafter, "the motion"). For the reasons stated *infra*, we affirm.

The facts of Appellant's underlying criminal conviction are not pertinent to the present appeal. We need only note that on May 17, 2012, Appellant entered a *nolo contendere* plea to one count of indecent assault, 18 Pa.C.S. § 3126(a)(1). That same day, he was sentenced to 164 to 328 days' incarceration. Having already served that maximum term, Appellant was

_____

[*] Retired Senior Judge assigned to the Superior Court.

immediately released from custody. He did not file a post-sentence motion or a direct appeal.

On July 12, 2017, Appellant filed the *pro se* motion underlying the present appeal. Therein, he alleged (and reiterates on appeal) that the trial court did not inform him of his appeal rights after he was sentenced, and his counsel abandoned him by not filing a post-sentence motion or an appeal on his behalf. Appellant argued that he was deprived of his constitutional right to a direct appeal, and he requested that his post-sentence motion and direct appeal rights be reinstated *nunc pro tunc*. On November 27, 2017, Appellant's motion was denied by operation of law.

Appellant filed a *pro se* notice of appeal on December 27, 2017. Although the trial court did not direct him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, it issued a Rule 1925(a) opinion on March 2, 2018. Therein, the court concluded that because Appellant's trial counsel had never withdrawn, he was still represented by counsel when he filed his *pro se* motion and notice of appeal. Consequently, the court determined that neither of those filings should have been docketed (and the motion should not have been denied by operation of law), as doing so permitted hybrid representation. **See** Trial Court Opinion, 3/2/18, at 4, 6. Accordingly, the court concluded that Appellant's present appeal should be quashed.

Appellant now presents three issues for our review:

I.  Are the concerns behind the prohibition of "hybrid representation" implicated when a defendant in a criminal case finally resorts to self-help after being abandoned by non-advocating[,] court-appointed counsel after sentencing in order to protect the defendant's absolute constitutional right to appeal?

II.  Does a defendant in a criminal case waive his or her constitutional right to appeal whenever the trial court fails to determine on the record that the defendant has been properly advised of his or her appeal rights at sentencing and court-appointed counsel never consults with the defendant about an appeal?

III.  Did the trial court abuse its discretion in denying [] Appellant's application for leave to file post-sentence motions/appeal *nunc pro tunc* without holding an evidentiary hearing and without making any findings of fact, all of which is necessary to determine whether the failure to timely appeal was due to a breakdown in the court system or other extraordinary circumstances beyond [] Appellant's control and whether Appellant acted promptly to seek *nunc pro tunc* relief upon learning of the grounds relied upon for such relief?

Appellant's Brief at 4 (unnecessary capitalization omitted).

We begin by rejecting the trial court's conclusion that we should quash this appeal because Appellant was represented by his court-appointed trial counsel when he filed his *pro se* motion and notice of appeal, thus constituting hybrid representation. As stated *supra*, Appellant did not file a post-sentence motion or direct appeal following the imposition of his sentence on May 17, 2012. Thus, his judgment of sentence became final on Monday, June 18, 2012. **See** Pa.R.A.P. 903(a) (stating that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken); 1 Pa.C.S. § 1908 ("Whenever the last day of any … period [of time

referred to in a statute] shall fall on a Saturday or Sunday … such day shall be omitted from the computation."). Consequently, Appellant's court-appointed counsel's appointment ended on June 18, 2012. **See** Pa.R.Crim.P. 122(B)(2) ("When counsel is appointed, … the appointment shall be effective until final judgment, including any proceedings upon direct appeal."). Therefore, contrary to the trial court's position, Appellant was not represented by court-appointed counsel when he filed the at-issue, *pro se* motion and notice of appeal over five years after his judgment of sentence became final.[1]

Additionally, the trial court erred by not treating Appellant's *pro se* motion as a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. This Court has held that "all motions filed after a judgment of sentence is final are to be construed as PCRA petitions." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (discussing our holding in **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007)). Here, Appellant's *pro se* motion asserted claims that are clearly cognizable under the PCRA, *i.e.*, that his right to appeal was obstructed by the court's failure to notify him of his appeal rights, and his trial counsel acted ineffectively by abandoning him on appeal. **See** 42 Pa.C.S. § 9543(a)(2)(ii), (iv). Therefore, the trial court should have treated his motion as his first, *pro se* PCRA petition

---

[1] In any event, even if Appellant had been represented at that time, his *pro se* documents were properly docketed by the York County Clerk of Courts. **See** Pa.R.Crim.P. 576; **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (stating that a court is "required to docket a *pro se* notice of appeal" even where the defendant/appellant is represented by counsel).

and appointed him counsel. **See** Pa.R.Crim.P. 904(C) ("Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.").

Notwithstanding the court's error in this regard, we need not remand Appellant's case, nor address the claims he raises herein. Our review of the record confirms that Appellant has completed serving his sentence of incarceration for the at-issue offense. Under section 9543, to be eligible for PCRA relief, a petitioner must demonstrate that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i); **see also Commonwealth v. Matin**, 832 A.2d 1141, 1143 (Pa. Super. 2003) ("A petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed.") (citing **Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997)). Additionally,

> [t]his [C]ourt has held that the failure to appoint counsel for a petitioner under the PCRA who has served his sentence is harmless error, and that a remand for appointment of counsel is not appropriate, as a remand would be futile under such a circumstance. **See Commonwealth v. Auchmuty**, 799 A.2d 823, 826–[]27 (Pa. Super. 2002). The purpose for appointing counsel for a first-time petitioner, even where the petition appears to be untimely filed, is for the petitioner to attempt to establish an exception to the one-year time limitation. Obviously, where the petitioner is no longer serving a sentence of imprisonment, probation or parole, establishing such an exception is a legal impossibility, as the statute no longer applies. The law does not require the performance of a futile act. **Id.** at 827, citing **Commonwealth v. Myers**, 485 Pa. 519, 524, 403 A.2d 85, 87 (1979).

***Commonwealth v. Hart***, 911 A.2d 939, 942 (Pa. Super. 2006).[2]

Because here, Appellant completed his sentence years before he filed his PCRA petition, he is ineligible for relief and remand for the appointment of counsel is unnecessary.

Order affirmed.

Judge McLaughlin joins this memorandum.

Judge Strassburger files a dissenting memorandum.

_____

[2] The Dissent relies on ***Commonwealth v. Ramos***, 14 A.3d 894 (Pa. Super. 2011), to contend that we must remand for the appointment of counsel in this case. Notably, the ***Ramos*** panel did not acknowledge ***Hart***, and ***Ramos*** could not have overruled ***Hart's*** and ***Auchmuty's*** harmless-error holdings. ***See Commonwealth v. Beck***, 78 A.3d 656, 659 (Pa. Super. 2013) (reiterating that one three-judge panel of this Court cannot overrule another three-judge panel). In any event, ***Ramos*** is also distinguishable from Appellant's case. Notably, the Dissent omits, from the portion of ***Ramos*** that it quotes, a footnote in which the ***Ramos*** panel recognized that "the record before us is ***not dispositive*** of the status of [Ramos's] sentence." ***Ramos***, 14 A.3d at 896 n.1 (emphasis added). To the contrary, the record in this case is clear that Appellant was not sentenced to any "probationary tail." ***See*** N.T. Plea/Sentencing, 5/17/12, at 3. Moreover, Appellant conceded in his *pro se* petition that "he had already served in excess of the maximum term imposed," and, thus, he "was released from custody and supervision forthwith." Appellant's *Pro Se* Petition, 7/12/17, at 1 (citing Sentencing Order, 5/17/12; N.T. Plea/Sentencing Hearing at 2-3). Later in his *pro se* petition, Appellant explicitly acknowledged that he did not meet the 'currently serving' requirement of the PCRA, as he had "already served the maximum term at the time of sentencing…." ***Id.*** at 3 n.3. Therefore, unlike in ***Ramos***, the record in this case ***is*** dispositive of the fact that Appellant has completed his sentence. Consequently, remanding for the appointment of counsel would be a waste of time and judicial resources.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/03/2018