J-S11042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID ALLEN HELSEL | : | |
| | : | |
| Appellant | : | No. 872 WDA 2021 |

Appeal from the PCRA Order Entered June 9, 2021
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0001679-2009

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: AUGUST 16, 2022**

David Allen Helsel ("Helsel") appeals from the order denying his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, Helsel's counsel, Paul M. Puskar, Esquire ("Attorney Puskar"), has filed a motion to withdraw as counsel and an accompanying brief styled pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).[2]  We grant Attorney Puskar's motion and affirm the PCRA court's order.

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] Counsel petitioning to withdraw from PCRA representation must proceed not under ***Anders*** but under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1998), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Although ***Anders*** and ***Turner***/***Finley*** are close cousins, bearing similarities in that counsel is required to examine the record, present issues, and request permission to withdraw, there are also significant differences, as explained ***infra***.  ***See Commonwealth v. Wrecks***, 931 A.2d 717, 721-22 (Pa. Super. 2007).

This Court previously summarized the relevant factual history of this matter as follows:

On June 19, 2009, Helsel came upon several juveniles in a cemetery in Altoona. Posing as a cemetery employee, he informed them that there had been reports that they were knocking over headstones. The teens denied committing any acts of vandalism. After a brief physical altercation with one of the males, Helsel separated the two females from the group—M.B., age 12, and L.G., age 15—by telling them they had to come with him to the owner's house. He led them, holding them by the wrists for part of the way. The girls stated they did not run when Helsel released his grip because they were afraid. Upon reaching a wooded area, Helsel drew a knife and informed the girls he wanted to touch them all over their bodies. Fearing he would hurt them, the victims negotiated with Helsel, eventually agreeing that he could rub his penis against each of their backsides, and then they would be free to go. He engaged in this behavior with L.G. and then with M.B. Helsel told M.B. he wanted to have sex with her, and the victims tried to run away. At that, Helsel grabbed M.B. by the hair and pulled her further into the woods. While in the woods, Helsel attempted to take off M.B.'s shorts and to spread her legs, while M.B. fought to stop him.

L.G. ran to a nearby building that happened to be hosting a meeting of the Fraternal Order of Police. She informed police what had happened, and Patrolman Shaun McCready and Patrolman (now Corporal) Michael Sapienza went in search of M.B. and Helsel. Patrolman McCready heard a girl screaming, and upon reaching a cut-in that led into the woods, he saw M.B. sitting with her back facing him and Helsel standing directly in front of her. He drew his weapon and told Helsel to get on the ground, at which Helsel fled. As the police ran after him, M.B. shouted that Helsel raped her. According to Corporal Sapienza, who came to the clearing immediately after Patrolman McCready, M.B. was naked from the waist down.

Multiple officers responded to assist in the search for Helsel. Corporal Sapienza apprehended him near the wood line at 15th Street and Bell Avenue; Helsel was found hiding under a pile of leaves, dirt and branches. A search incident to arrest revealed a knife in Helsel's pocket. [Police charged Helsel with 37 counts of various crimes.]

*Commonwealth v. Helsel*, 87 A.3d 383 (Pa. Super. 2013) (unpublished memorandum at *1-2).

In 2011, following a three-day trial, a jury convicted Helsel of attempted rape by forcible compulsion, attempted rape of a child, and multiple other offenses. Because Helsel had two prior convictions for rape, the sentencing court sentenced him as a third-strike sexual offender, ordering him to be imprisoned for life pursuant to 42 Pa.C.S.A. § 9718.2(a)(2). On direct appeal, this Court vacated the judgment of sentence and remanded for resentencing as a second-strike offender. In so ruling, this Court explained that "[a]lthough this is [Helsel's] third conviction of a crime that requires him to register as a sexual offender resulting from three separate criminal transactions, because he served a single prison term for the first two convictions, he only had one opportunity to reform, not two." *Commonwealth v. Helsel*, 53 A.3d 906, 917 (Pa. Super. 2012). On remand, the trial court sentenced Helsel to an aggregate sentence of seventy-three to 146 years of incarceration. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal on March 12, 2014. *See Commonwealth v. Helsel*, 87 A.3d 383 (unpublished memorandum at *17), *appeal denied*, 87 A.3d 318 (Pa. 2014). Helsel did not seek review in the United States Supreme Court.

In 2015, Helsel filed a *pro se* PCRA petition. After the PCRA court appointed counsel, Helsel directed counsel to withdraw the petition. In 2017, Helsel filed his second *pro se* PCRA petition which the PCRA court dismissed

as untimely. This Court affirmed the dismissal order. *See Commonwealth v. Helsel*, 195 A.3d 997 (Pa. Super. 2018) (unpublished memorandum).

On August 10, 2020, Helsel filed the instant *pro se* PCRA petition, his third. The PCRA court appointed Attorney Puskar as counsel.[3] On March 15, 2021, the PCRA court conducted an evidentiary hearing. On June 9, 2021, the PCRA court entered an order denying the petition as untimely filed. Helsel filed a *pro se* motion for extension of time to file an appeal which the PCRA court granted.[4] On July 19, 2021, Helsel filed a *pro se* notice of appeal within the time period permitted by the PCRA court's order.[5] Helsel thereafter filed

---

[3] Although there is no right to counsel on a second or subsequent PCRA petition, the PCRA court acted within its discretion to appoint Attorney Puskar to determine the timeliness of Helsel's third petition and to represent him at an evidentiary hearing. *See* Pa.R.Crim.P. 904(D), (E).

[4] As Helsel was represented by Attorney Puskar, the PCRA court should have rejected the motion as an improper hybrid filing and forwarded the motion to counsel. *See Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010) (holding that our courts have made clear that a defendant who is represented by counsel may not engage in hybrid representation by filing *pro se* documents).

[5] We note with disapproval that the time for filing an appeal is jurisdictional and cannot be extended by an order of court. *See* Pa.R.A.P. 903(a) (providing, in relevant part, "the notice of appeal required by Rule 902 . . . shall be filed within 30 days after the entry of the order from which the appeal is taken"). Thus, the PCRA court lacked the authority to enter an order granting Helsel's *pro se* motion for extension of time to file an appeal. Nevertheless, Helsel relied on that order in filing his untimely *pro se* notice of appeal. Accordingly, as we conclude that a breakdown in the process of the trial court caused Helsel to file his notice of appeal out of time, we will address his appeal. *See Commonwealth v. Khalil*, 806 A.2d 415, 420 (Pa. Super. 2002) (holding that this Court will address an otherwise untimely appeal if

- 4 -

a counseled Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal,[6] and the trial court relied on its opinion entered on June 9, 2021, *in lieu* of preparing a Rule 1925(a) opinion. In this Court, Helsel's counsel filed a motion to withdraw as counsel and an accompanying brief styled pursuant to *Anders*.

At the outset of our review, we note that this case does not implicate *Anders*. As explained above, *Anders* applies to direct appeals, whereas *Turner*/*Finley* applies to PCRA cases. This Court has explained the differences between the requirements imposed by *Anders* and *Turner*/*Finley*, as follows:

> *Anders* counsel is not permitted to withdraw unless the appeal is wholly frivolous, but *Turner*/*Finley* counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous. Also, *Anders* counsel must not argue against the client's interests while *Turner*/*Finley* counsel must do so, articulating why the client's claims have no merit.

> The heightened protection afforded to *Anders* appellants as compared to *Turner*/*Finley* petitioners/appellants arises because the right to counsel on direct appeal and the right to the direct appeal itself are constitutional ones. By comparison, a first-time PCRA petitioner's right to counsel is born of rule, namely

---

fraud or breakdown in the trial court's processes resulted in an untimely appeal).

[6] Upon receipt of the *pro se* notice of appeal, this Court noted that Attorney Puskar filed a petition to withdraw from representation four days after Helsel filed his untimely *pro se* notice of appeal. As the petition was never ruled upon, this Court issued an order directing the PCRA court to determine Helsel's representation status. The PCRA court responded via correspondence indicating that Attorney Puskar remained as Helsel's counsel and had filed a Rule 1925(b) concise statement of errors complained of on appeal.

Pa.R.Crim.P. 904(C), and that right does not spring from the federal or state constitutions.

***Wrecks***, 931 A.2d at 722 (citations omitted).

Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief *in lieu* of a ***Turner***/***Finley*** "no merit" letter. ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). However, prior to addressing the merits of the issues raised for our review, we must assess whether counsel's filings satisfy the technical requirements of ***Turner***/***Finley***. ***See Commonwealth v. Muzzy***, 141 A.3d 509, 510 (Pa. Super. 2016) (holding that "prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel").

Counsel seeking to withdraw from PCRA representation must:

(1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

***Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa. Super. 2019).

As noted above, Attorney Puskar filed a motion to withdraw and a brief styled pursuant to ***Anders***. Attorney Puskar has provided this Court with a copy of a letter dated November 4, 2021, which he sent to Helsel informing him of counsel's belief that the appeal is frivolous and indicating that counsel

had filed a motion to withdraw. *See* Letter, 11/4/21, at 1. Attorney Puskar also advised Helsel of his rights to retain replacement counsel or proceed *pro se*.[7] *Id*. The letter indicates that a copy of the motion to withdraw was included in the mailing. *Id*. Attorney Puskar has also provided this Court with a copy of a letter dated November 10, 2021, which he sent to Helsel informing him that he could raise any additional points with this Court that counsel failed to raise in the brief. *See* Letter, 11/10/21, at 1. While neither letter indicates that a copy of the brief was included in the mailing, the certificate of service for the brief indicates that Attorney Puskar mailed Helsel a copy of the brief at the same time that Attorney Puskar mailed copies to the PCRA court and the Commonwealth.[8]

The brief filed by Attorney Puskar does not detail the nature and extent of his review of the case and recites, in the barest form, the factual and procedural history of the case. Attorney Puskar incorrectly states that this is Helsel's second PCRA petition when, in fact, it is his third petition. Attorney Puskar indicates that Helsel alleged in his *pro se* petition that "his sentence is

---

[7] The November 4, 2021 letter was not appended to the motion to withdraw. Accordingly, this Court entered an order directing Attorney Puskar to file a copy of the letter within seven days, and counsel complied with that order. Counsel also provided this Court with a copy of a letter that he sent to Helsel on November 10, 2021.

[8] We note that the certificate of service attached to the brief indicates that copies of the brief were mailed to Helsel, the Commonwealth, and to the PCRA court on November 4, 2021; however, the brief was not filed in this Court until November 22, 2021.

illegal because there was only one victim and both of the charges arose out of the same incident." ***Anders*** Brief, 11/22/21, at 5. However, given that Helsel was convicted of multiple crimes, Attorney Puskar's description of Helsel's issue is patently deficient. Most troubling, however, is Attorney Puskar's "discussion" of the issue raised by Helsel in his *pro se* petition and whether he pleaded and proved the applicability of any of the PCRA's timeliness exceptions:

> [Helsel] maintained that he fit under the government interference exception and the after-discovered information exception in 42 Pa.C.S.A. § 9454(b)(1)(i), (ii). A review of the record, including especially the PCRA hearing, reveals that there was no merit to either of those assertions. The decision by the PCRA court was supported in the record and was consistent with the law.

***Anders*** Brief, 11/22/21, at 6-7 (paragraph formatting omitted).

Attorney Puskar's explanation for his conclusion that Helsel's issue is meritless is woefully inadequate to fulfill counsel's duties under ***Turner***/***Finley***. While we could direct Attorney Puskar to file a "no merit" letter compliant with the dictates of ***Turner***/***Finley***, we decline to do so because this matter does not involve the right to counsel in a first PCRA petition, and because a review of Helsel's underlying claim for relief reveals that it is procedurally barred and, in any event, meritless.

To be entitled to PCRA relief, a petitioner must establish "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). An issue is "previously litigated" when, *inter alia*, "the highest

- 8 -

appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id*. § 9544(a)(2).

Here, the sole issue raised in Helsel's third *pro se* PCRA petition is that his consecutive sentences "for attempted rape of a child and attempted rape by forcible compulsion [are] illegal because there was one victim and one criminal event." *Pro Se* PCRA Petition, 8/10/20, at 4. This issue was previously raised by Helsel in his direct appeal. Therein, Helsel argued to this Court "that he was convicted at trial of criminal attempt, rape by forcible compulsion, and criminal attempt, rape of a child for one criminal event involving one victim, M.B . . . and that the trial court illegally imposed two consecutive 25 to 50 year sentences . . .." *Helsel*, 87 A.3d 383 (unpublished memorandum at *9) (internal quotations and citations to the record omitted). This Court addressed Helsel's issue and determined that it lacked merit, explaining:

> Like sexual assault and statutory sexual assault, rape by forcible compulsion and rape of a child each includes an additional element not included in the other. Rape by forcible compulsion requires the use or threat of force, but has no age restriction. Rape of a child does not require forcible compulsion, but only that the complainant be under the age of thirteen. Because rape by forcible compulsion and rape of a child contain different elements, we reject Helsel's argument that a defendant cannot be found guilty of, and sentenced for, both offenses.
>
> Helsel further argues that "the trial court's finding that rape of a child and rape by forcible compulsion are two separate crimes fails because these two are subsections of the same statute, the rape statute, and are not two separate offenses." [Helsel's] Brief, at 16. We disagree based on the specific wording of the statute. Section 3121(a)(1) provides: "*Offense* defined. - A person

commits a felony of the first degree when the person engages in sexual intercourse with a complainant by forcible compulsion" (emphasis added). Section 3121(c) provides: "Rape of a child. - A person commits the *offense* of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age" (emphasis added). Section 3121 refers to rape by forcible compulsion and rape of a child as separate *offenses*. Based on the language of the statute, they are separate crimes, and do not merge for sentencing purposes. *See* 18 Pa.C.S.[A.] § 105 ("The provisions of the [Crimes Code] shall be construed according to the fair import of their terms, but when the language is susceptible of different constructions it shall be interpreted to further the general purposes stated in this title and the special purposes of the particular provision involved").

*Helsel*, 87 A.3d 383 (unpublished memorandum at *13-15).[9]

Given that the highest appellate court in which Helsel could have had review as a matter of right has ruled on the merits of the issue he wishes to raise in this appeal, his claim is procedurally barred. *See* 42 Pa.C.S.A. § 9543(a)(3). Therefore, we conclude that directing Attorney Puskar to file a "no-merit" letter compliant with *Turner/Finley* would be futile. *See Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006) (holding that remand for appointment of counsel for a first-time petitioner would be futile because the petitioner was ineligible for relief, having fully served his sentence); *see also Commonwealth v. Myers*, 403 A.2d 85, 87 (Pa. 1979)

---

[9] Notably, Helsel raised the same issue in his second *pro se* PCRA petition. In affirming the dismissal of that petition, this Court determined that Helsel's petition was facially untimely and that he failed to plead or prove any exception to the PCRA's timeliness requirements. *See Helsel*, 195 A.3d 997 (unpublished memorandum at *6-8); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

- 10 -

(holding that "[t]he law does not require the performance of a futile acts").

We therefore grant counsel's motion to withdraw, and affirm the order dismissing Helsel's third PCRA petition.

Motion to withdraw as counsel granted. Order affirmed.

President Judge Panella joins in this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2022