J-S34039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIE JAMES HAYES | : | |
| | : | |
| Appellant | : | No. 468 WDA 2022 |

Appeal from the PCRA Order Entered March 29, 2022
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000429-2015

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         **FILED:  November 14, 2022**

Willie James Hayes (Hayes) appeals from the order of the Court of Common Pleas of Mercer County (trial court) denying his "Motion to Reduce Registration" under the Sex Offender Registration and Notification Act (SORNA).  Counsel has filed a ***Turner/Finley***[1] brief in which she requests permission to withdraw from further representation on the grounds that this appeal is frivolous.  After review, we affirm the PCRA court's order and grant counsel's request to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

**I.**

In July 2015, Hayes pleaded guilty to one count of indecent assault, graded as misdemeanor of the first-degree. 18 Pa.C.S. § 3126(a)(4). At the guilty plea hearing, the trial court informed him that he was pleading guilty to a Tier-II sexual offense and would be subject to a 25-year registration under SORNA. 42 Pa.C.S. § 9799.14(c)(1.3). In October 2015, the trial court sentenced him to 18 to 36 months' imprisonment and gave him 254 days' credit for time served from the date of his arrest (February 13, 2015) to the date of sentencing. After denial of his post-sentence motion, Hayes did not seek an appeal to this Court. In May 2018, Hayes filed a petition for relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel was appointed and filed a *Turner/Finley* letter. After giving notice of its intent to dismiss, the trial court dismissed the petition in October 2018.

On March 25, 2022, Hayes (who was still a state prisoner) filed a *pro se* "Motion to Reduce Registration" requesting that his 25-year registration requirement under SORNA be reduced to 10 years because the sentencing judge "was biased and impartial" against him because of his experience with him in prior cases. After the trial court denied the motion without hearing, Hayes filed a notice of appeal and requested that counsel be appointed. The trial court appointed counsel and directed her to file a statement of errors complained of on appeal, which she did. In its Pa.R.A.P. 1925(a) opinion, the trial court explained that it treated the motion as a petition for relief under the

PCRA and, therefore, subject to its timeliness requirements. Regardless of its timeliness, however, the trial court found the motion meritless because it lacked discretion to lower his reporting requirements under SORNA.

Counsel subsequently filed a brief pursuant to **Turner/Finley** but did not file a contemporaneous application to withdraw as counsel. Her brief lists one issue for review:

> Whether the [PCRA court] erred when the [PCRA court] denied [Hayes's] motion to reduce registration without a hearing.

**Turner/Finley** Brief at 4.

## II.

Before addressing the merits of the issue, we must assess whether counsel's filings satisfy the technical requirements of **Turner**/**Finley**. **See Commonwealth v. Muzzy**, 141 A.3d 509, 510 (Pa. Super. 2016) (holding that "prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel."). As this Court has explained:

> A **Turner/Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

**Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019) (internal citations omitted).

In her ***Turner/Finley*** brief, counsel does not detail the nature and extent of her review of the case, nor does she list each issue that petitioner wished to have reviewed that he included in his notice of appeal. Counsel has also failed to file an application to withdraw as counsel with this Court. Instead, she has appended a letter to her brief addressed to Hayes and informing him that she has concluded that his appeal is frivolous and that he has the right to proceed *pro se* or retain new counsel. ***See Turner/Finley*** Brief at Exhibit D (Letter dated August 3, 2022).[2]

Besides her procedural oversights, counsel also fails to address the potential issue with the trial court's denial of the motion to reduce registration requirement. As noted, the trial court treated the motion as an untimely PCRA petition. Our Supreme Court, however, has held that petitioners may challenge the application of a sexual offender registration statute outside the time-bar restrictions of the PCRA. ***See Commonwealth v. Lacombe***, 234 A.2d 604, 618 (Pa. 2020) (stating that we "decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes and we thus conclude the trial court had jurisdiction to consider" the defendant's petition challenging his registration requirements); ***see also Commonwealth v. Moore***, 245 A.3d 1121, 1128

---

[2] We note that at the end of her brief, counsel certifies that she sent a copy of the brief (presumably with the appended letter) to Hayes in state prison via first-class mail.

(Pa. Super. 2021) (*en banc*) (applying **Lacombe** and concluding that an appellant was not required to challenge his registration requirements under the PCRA).

While we could reject counsel's request to withdraw and direct her to file a merits brief, we decline to do so because a review of the underlying claim reveals that it is meritless.[3]  In his motion, Hayes sought a reduction in his reporting requirement because he believed that the 25-year reporting requirement is "harsh for a [first-degree misdemeanor]" and that "[t]he average registration requirement for indecent assault is Tier I [10 years]." Motion to Reduce Registration, 3/25/22, ¶¶ 1-2.

Sentencing courts, however, lack discretion to impose shorter registration requirements than those provided under SORNA; instead, the trial court is just one of many entities that inform a sex offender of their obligation to register.  As provided in 42 Pa.C.S. § 9799.20:

> In order to implement the provisions of section 9799.19 (relating to initial registration), as appropriate, the Pennsylvania State Police, the court having jurisdiction over the sexual offender, the chief juvenile probation officer of the court and the appropriate official of the Department of Corrections, county office of probation and parole, the Department of Human Services or a State or county correctional institution shall:

---

[3] Because the underlying claim presents a question of law, our scope of review would be plenary and we review the lower court's legal determinations *de novo*.  **See Commonwealth v. Bricker**, 198 A.3d 371, 375 (Pa. Super. 2018).

(1) Inform the individual required to register of the individual's duties under this subchapter.

(2) Require the individual to read and sign a form stating that the duty to register has been explained and that the individual understands the registration requirement.

(3) Collect the information required under section 9799.16 (b) and (c) (relating to registry) and forward the information to the Pennsylvania State Police for inclusion in the registry as set forth in this subchapter.

Indeed, even if the sentencing court failed to inform the defendant about its reporting requirement, that failure would not relieve the offender from hir or her reporting requirements. *See* 42 Pa.C.S. § 9799.23(b)(1). In fact, with limited exceptions, a sentencing court has "no authority to relieve a sexual offender from the duty to register under this subchapter or to modify the requirements of this subchapter as they relate to the sexual offender." 42 Pa.C.S. § 9799.23(b)(2).

With this in mind, we agree with the trial court that Hayes's motion was meritless because he was simply asking that his reporting requirement be reduced because he felt it was too harsh. As the trial court explained:

The Motion necessarily implies that the [trial court] had the discretion to impose a shorter registration period, but it did not have any discretion as to the duration of the registration period. A review of the transcript of the proceedings during which [Hayes] entered his guilty plea shows that he was informed his crime was a Tier II offense with a registration requirement of 25 years. Transcript of July 15, 2015 proceedings at p. 8. The Court has confirmed this was correct. [Hayes] was convicted of the subsection of Indecent Assault at 18 Pa.C.S.A. § 3126(4), a misdemeanor of the first degree. This section is a Tier II offense pursuant to 42 Pa.C.S.A. § 9799.14(c)(1.3) and the Attorney for

- 6 -

the Commonwealth so stated at the plea proceedings. Transcript of July 15, 2015 proceedings at p. 3.

Trial Court Opinion, 6/16/22, at 3.

Accordingly, despite the trial court appearing to err in treating the motion as a PCRA petition, we hold that the trial court correctly concluded that the motion was meritless because Hayes was requesting the court to undertake a discretionary act for which it lacks power to perform.[4] For this reason, we conclude that directing counsel to re-file a **_Turner/Finley_** brief with a contemporaneous application to withdraw would be futile. **_See Commonwealth v. Hart_**, 911 A.2d 939, 942 (Pa. Super. 2006) (holding that remand for appointment of counsel for a first-time petitioner would be futile because the petitioner was ineligible for relief, having fully served his sentence); **_see also Commonwealth v. Myers_**, 403 A.2d 85, 87 (Pa. 1979) (holding that "[t]he law does not require the performance of futile acts").

Order affirmed. Request for leave to withdraw as counsel granted.

_____

[4] We may affirm the order of the trial court on any basis. **_See Commonwealth v. Gross_**, 232 A.3d 819, 846 (Pa. Super. 2020) (_en banc_).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/14/2022</u>